## Illinois Central Railroad Company, Appellant, v. N. S. McDaniel, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Jasper county; the Hon. JAMES C. MCBRIDE, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed May 25, 1916.

## Statement of the Case.

Action of forcible entry and detainer by Illinois Central Railroad Company, plaintiff, against N. S. McDaniel, defendant, to recover a plot of ground 16x 24 feet on which a coal shed was located. From judgment for defendant, plaintiff appeals.

It was contended by plaintiff that its way lands in Rose Hill on the west side of the track, which runs north and south, consisted of a strip of land 90 feet wide and 1,000 feet long, beginning at the northeast corner of the northwest quarter of the southeast quarter of section 30, township 8 north, range 10 east, and extending south. The coal shed in question was 758

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5/10 feet south of the north end of said strip of land and 33½ feet west of the center of its track.

The north 758 5/10 feet of said premises claimed by plaintiff as its way lands on the west of said track were located in the Village of Rose Hill. The remainder of said strip lay south of the original Town of Rose Hill. Defendant did not question the claim of plaintiff to that part of said strip that lay in said Village of Rose Hill, but claimed that the way lands of said plaintiff south of said original Town of Rose Hill were only 33⅓ feet in width, and that the coal shed in question was not on the right of way of plaintiff. That part of the strip claimed by plaintiff as its way land which lay south of Rose Hill was not inclosed by a fence, but plaintiff contended that it, and those through whom it claimed, had been in possession of said premises for more than twenty-five years.

Sometime prior to the institution of these proceedings, defendant's coal shed was located somewhat east and north of its present location, and as then located was partly on said strip of 33⅓ feet adjoining the main track of plaintiff's right of way, and which defendant conceded was a part of plaintiff's lands.

Plaintiff insisted on defendant paying rent on said ground, the amount demanded being $10. Defendant testified that he stated to the agent of plaintiff that a part only of said shed was on its right of way, and that he was therefore willing to pay but $5. Plaintiff accepted the $5 in settlement therefor. Thereafter defendant moved his said shed west and south so that no part of it was on said strip of 33⅓ feet immediately adjoining the main track of said railroad on the west and south of said original Town of Rose Hill.

The evidence on this controverted question as to whether or not plaintiff was in possession of the strip of ground on which defendant removed his shed was sharply conflicting.

GEORGE W. FITHIAN, for appellant; JOHN G. DREN-
NAN, of counsel.

EMERY ANDREWS and RAYMOND G. REAL, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. FORCIBLE ENTRY AND DETAINER, § 86*—*when evidence sufficient
to sustain finding that railroad company not in possession of land.*
In an action of forcible entry and detainer by a railroad company
to recover possession of a plot of land on which a coal shed was
located, where the evidence was conflicting, it was *held* sufficient
to sustain a finding that plaintiff was in possession of the strip of
land on which the shed was located.

2. FORCIBLE ENTRY AND DETAINER, § 77*—*when deeds admissible to
show that occupant of land did not take possession without title.*
In an action of forcible entry and detainer by a railroad company
to recover possession of vacant and unoccupied lands, deeds of such
land to defendant are admissible to show that defendant had not
taken possession without title.

3. FORCIBLE ENTRY AND DETAINER, § 90*—*when instruction prop-
erly modified.* An instruction in an action of forcible entry and de-
tainer that "if the jury believe from a preponderance of the evidence
that the defendant entered wrongfully and without lawful right and
then kept the plaintiff from regaining possession, it is sufficient to
sustain this action," *held* properly modified by adding the words
"or title" after the words "lawful right."

4. INSTRUCTIONS, § 126*—*when abstract instruction properly re-
fused.* An instruction that is abstract in form and argumentative
is properly refused.

5. INSTRUCTIONS, § 131*—*when requested instruction omitting es-
sential element properly refused.* A requested instruction omitting
an essential element of the case is properly refused.

6. INSTRUCTIONS, § 19*—*when requested argumentative instruc-
tion properly refused.* A requested instruction that is argumenta-
tive and misleading is properly refused.

7. INSTRUCTIONS, § 137*—*when instruction presenting theory of
case proper.* A party is entitled to an instruction presenting his
theory of the case, if it is supported by evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.